## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION


SAMUEL BONEY,

        Petitioner,

-vs-                                  Case No.  8:03-CV-1589-T-30TGW

JAMES V. CROSBY, et al.,

        Respondents.

_____/

### <u>ORDER</u>

      Petitioner, an inmate in a Florida penal institution proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2000 conviction for resisting a merchant entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1). Respondent has filed a response to the petition (Dkt. 4). Petitioner has filed a reply (Dkt. 5), with supplements (Dkts. 8; 11; 12; 16; 21), and a motion for summary judgment (Dkt. 23).  The matter is now before the Court for consideration on the merits of the Petition.

      A recitation of the procedural history of Petitioner's criminal conviction is not necessary to the resolution of his habeas claims because Respondent does not dispute the timeliness of the petition or assert that the claims are not exhausted in state court.

### Standard of Review

      Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *Penry v. Johnson*, 532 U.S. 782, 792 (2001).  The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fagged v. Head*, 261 F.3d

1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given the benefit of the doubt).

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003). "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. *Lockyer v. Andrade*, 538 U.S.63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. *Mitchell v. Esparza*, 540 U.S. 12, 17 (2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Mitchell v. Esparza*, 540 U.S. at 17 (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court

-2-

precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Mitchell v. Esparza*, 540 U.S. at 17; *Parker v. Sec'y of Dep't of Corr.*, 331 F.3d 764, 775-76 (11th Cir. 2003).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. at 411. A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply. *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000). The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. at 75-77; *Williams v. Taylor*, 529 U.S. at 409-10; *Penry v. Johnson*, 532 U.S. at 791-792; *Woodford v. Visciotti*, 537 U.S. at 25; *Mitchell v. Esparza*, 540 U.S. at 18; *Price v. Vincent*, 538 U.S. at 639.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. *See Holland v. Jackson*, 542 U.S. 649, ___, 124 S.Ct. 2736, 2737-2738 (2004) (citing *Yarborough v. Gentry*, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); *Miller-El v. Cockrell*, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); *cf. Bell v. Cone*, 535 U.S. at 697, n. 4 (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

A petitioner has the burden of overcoming all state court factual determinations by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Henderson v. Campbell*, 353 F.3d 880, 890-91 (11th Cir. 2003). The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert denied*, 534 U.S. 1046 (2001).

## Discussion

Petitioner raises four grounds for habeas relief. Because Grounds Two and Four raise issues related to Petitioner's Sixth Amendment right to effective assistance of counsel these two claims will be addressed together. On March 28, 2005, Petitioner filed a motion for summary judgment (Dkt. 23). The arguments presented therein have been taken into consideration by the Court in its review of the claims set forth in Petitioner's habeas petition.

## Ground One

In his first claim for relief, Petitioner asserts that "the laymen of the jury were confused as to the meaning of the statute 'resisting a merchant, s. 812.015(6), Fla. Stat.,' since the statutory language requires [while committing or after committing theft] must occur. Making this an essential element of this offense" (Dkt. 1 at 5). Essentially, Petitioner argues that because the jury found him not guilty of petit theft, he could not be found guilty of resisting a merchant. In pertinent part, the statute proscribing resisting efforts by a merchant's employee to recover stolen property provides that:

> An individual who, while committing or after committing theft of property, . . . resists the reasonable effort of a . . . merchant's employee . . . to recover the property . . . which the . . . merchant's employee . . . had probable cause to believe the individual had concealed or removed from its place of

> display or elsewhere . . . commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, unless the individual did not know, or did not have reason to know, that the person seeking to recover the property was a . . . merchant's employee. . . . For purposes of this section the charge of theft and the charge of resisting may be tried concurrently.

Fla. Stat. § 812.015(6) (1999).

Petitioner raised this issue on direct appeal, arguing that the trial court erred in failing to find that the jury's verdict of not guilty on the charge of petit theft was inconsistent with its verdict of guilty on the charge of resisting a merchant, which, Petitioner contends, includes proof of a theft as a required element of the offense. The State argued, to the contrary, that a theft of property is not a necessary element of the offense of resisting a merchant (Dkt. 1, Ex. 003 at 2-4). The state appellate court affirmed Petitioner's conviction and sentence, *per curiam*, on September 9, 2000, with the mandate issuing on January 4, 2001. *See Boney v. State*, 780 So.2d 67 (Fla. 2d DCA 2000) (Table). Although the appellate court affirmed the conviction without written opinion, the decision is entitled to the same deference as if the appellate court had entered written findings to support its decision. *See Wright v. Sec'y. of Dep't of Corr.*, 278 F.3d 1245 (2002) (holding that "[t]o conclude otherwise on this issue would be writing into § 2254(d)(1) an additional requirement that Congress did not put there -- a requirement that the state courts explain the rationale of their decisions. . . . In § 2254(d) Congress meant to, and did, mandate deference to state court adjudications on the merits of federal constitutional issues, and a decision that does not rest on procedural grounds alone is an adjudication on the merits regardless of the form in which it is expressed.").

Prior to 1992, the retail theft statute required, as an essential element of the offense of resisting a merchant, that the defendant be "subsequently found to be guilty of theft of the subject merchandise." *In Interest of J.L.P.*, 490 So.2d 85 (Fla. 1st DCA 1986) (there

-5-

must be a finding of guilt on the theft charge before a defendant could be charged with resisting a merchant).  *See also K.M.S. v. State*, 402 So.2d 593, 594 (Fla. 5th DCA 1981). As the legislative history of the "resisting a merchant" statute demonstrates, however, when the offense of conviction occurred, the State of Florida no longer required a conviction for theft as a predicate for a conviction of resisting a merchant.  The Florida Legislature specifically eliminated this requirement in 1992, when the following emphasized language was added to the statute: "An individual who, *while committing or after committing theft of property,* resists," and the language "and who is subsequently found to be guilty of theft of the subject property" was eliminated.  *See Sanders v. State*, 654 So.2d 1279 (Fla. 2d DCA 1995).  In the preamble to the 1992 amendment, the legislature explained that the changes to the statute were necessary to delete "a requirement of a conviction for theft as a requirement for the offense of resisting recovery and clarify[ ] that the resistance must occur during or after committing the theft."  1992 Fla. Laws ch. 92-79, § 2.

Moreover, Petitioner's argument regarding the tension between the jury's finding of not guilty on the petit theft charge and its finding of guilt on the resisting a merchant charge runs contrary to the "permissible inconsistent verdict rule," which is recognized in both federal and Florida courts.  In *Dunn v. United States,* 284 U.S. 390 (1932), the United States Supreme Court held that a criminal defendant convicted by a jury on one count could not attack that conviction because it was inconsistent with the jury's verdict of acquittal on another count.  *See also United States v.* Powell, 469 U.S. 57, 62 (1984); *United States v. Schlaen*, 300 F.3d 1313, 1317 (11th Cir. 2002) ("Even where conviction on one count and acquittal on another count is a logical impossibility, the conviction will stand, unless it was otherwise obtained in error" (citation omitted).).  As the Eleventh Circuit explained in *United States v. Odom*:

> "Consistency in the verdict is not necessary." *Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932). As each count in an indictment is regarded as a separate indictment, merely the jury's choice to acquit on one charge does not have a res judicata effect on any other separate count. *Id.* Justice Holmes further explained that "[t]he most that can be said [of an inconsistent verdict] is that the verdict shows that either in the acquittal or the convictions the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt." *Id.* In other words, the jury compromised.

252 F.3d 1289, 1298 (11ᵗʰ Cir. 2001).

The Florida Supreme Court has held that "[w]hen a defendant is charged in an information with more than one count and the jury convicts on one count and acquits on one count, . . . when the legal elements of crimes charged in the counts do not interlock but the facts necessary to prove each of the counts do interlock . . . the verdicts are inconsistent but not 'truly' inconsistent." *State v. Connelly*, 748 So.2d 248, 249 (Fla. 1999) (stating that "the general rule is that inconsistent verdicts are permitted in Florida, . . . inconsistent verdicts are allowed because jury verdicts can be the result of lenity, and, therefore, verdicts do not always speak to the guilt or innocence of a defendant."). *See also State v. Powell*, 674 So.2d 731, 732-33 (Fla. 1996).

To the extent that Petitioner relies on *Williams v. State* in support of his argument, his reliance is misplaced. 745 So.2d 465 (Fla. 1ˢᵗ DCA 1999). The *Williams* court rejected the "argument that the jury's verdicts of not guilty on the charge of theft and guilty on the charge of resisting a retail merchant were 'true' inconsistent verdicts, entitling him to acquittal on the latter charge." *Id.* at 466. The conviction was reversed, however, because, unlike the instant case, the jury was not instructed that in order to convict the appellant of resisting a retail merchant it had to find that appellant was committing or had committed theft. As discussed below, the jury that found Petitioner guilty was properly instructed on all elements of the offense of resisting a merchant.

-7-

The state appellate court rejected this claim when it affirmed Petitioner's conviction. Petitioner has not shown that the state appellate court's adjudication of his claim resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254.   Petitioner has failed to establish that he is entitled to federal habeas relief on this claim.

**Ineffective Assistance of Counsel**

As stated *supra*, the claims set out in Grounds Two and Four will be discussed together as they are both premised on Petitioner's assertion that he was denied his Sixth Amendment right to effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: 1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and 2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88. *See also Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Williams v. Taylor*, 529 U.S. 362 (2000).

A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690).  This judicial scrutiny is "highly deferential." *Id.* at 477.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Strickland*, 466

U.S. at 689-90; *Bell v. Cone*, 535 U.S. at 698.   Because the ultimate resolution of the ineffective assistance of counsel claims are mixed questions of law and fact, *Thompson v. Haley*, 255 F.3d 1292, 1297 (11th Cir. 2001); *Meeks v. Moore*, 216 F.3d 951, 959 (11th Cir. 2000), the presumption of correctness contained in § 2254(e)(1) does not apply to this determination.  *Parker v. Head*, 244 F.3d at 835-37.  State court findings of historical facts made in the course of evaluating an ineffectiveness claim are, however, subject to a presumption of correctness under 28 U.S.C. § 2254(d).  "[T]he *Strickland* test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims."  *Williams v. Taylor*, 529 U.S. at 391.

"To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled. ' " *Grayson v. Thompson*,  257 F.3d 1194, 1216 (11th Cir. 2001) (en banc), *cert. denied*, 536 U.S. 964 (2002) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)).  "Therefore, the cases in which habeas petitioners can properly prevail an the ground of ineffective assistance of counsel are few and far between."   *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.), *cert. denied*, 513 U.S. 899 (1994).

The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take. *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000), *cert. denied*, 531 U.S. 1204 (2001).  An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation.  Where the record is incomplete or unclear about counsel's actions, it will be presumed that

he did what he should have done, and that he exercised reasonable professional judgment. *Id.* at 1314 n.15.

In its order denying Petitioner's Rule 3.850 motion, the trial court set out the following standard of review:

> To raise a successful ineffective assistance of counsel claim, Defendant must show two elements. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defendant. This requires that the defendant show that the outcome at trial would likely be different. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Dkt. 4, Ex. 031, Order Denying Motion for Post-Conviction Relief at 2 (Mar. 20, 2000). The trial court identified the correct standard of review for an ineffective assistance of counsel claim, as enunciated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. at 689-90. Thus, Petitioner must establish that the trial court's application of the *Strickland* standard "resulted in a decision that was contrary to, or involved an unreasonable application" of the *Strickland* standard, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**Ground Two**

In Ground Two, Petitioner asserts that trial counsel was ineffective for failing to object to an incomplete jury instruction that omitted an element of his defense in the statutory language in the phraseology of the Act" (Dkt. 1 at 6). Specifically, Petitioner asserts that trial counsel was ineffective for failing to object when the trial court failed to include the phrase "unless the defendant did not know, or have reason to know that the

person seeking to recover the property was a merchant or merchant employee" in the

"resisting a merchant" jury instruction."  In support of this claim, Petitioner asserts that:

> [His] state-appointed counsel should have raised an adequate defense as the facts and laws warranted the theory of defense as Florida Legislature intended in the statutory language in the phraseology of the Act in the resisting a merchant statute, s. 812.015(6) Fla. Stat.  The record is patent, and factually indicate[s] that the Petitioner did not know that the person seeking to recover property was a merchant employee, because their [sic] was no property to recover, nor was he given reason by the merchant employee that he was seeking to recover merchandise from the Petitioner.
>
> The Petitioner was in fact found "not guilty" to the statement of charge: Count One:  Petit Theft, s. 812.014 Fla. Stat., at trial on January 6, 2000.  So it can not be assured/or assumed that the Petitioner should have known why Mr. Clark was forcing him back into the store after the petitioner exited the store.  In further defense of the Petitioner's Basic Rights under Florida Constitution Article I and II, having to physically defend himself because the merchant employee impeded his freedom by blocking his path, to which the Petitioner did what any rational human being would who could not get answers pertaining to why some strange man is demanding you go somewhere with him and refuse[s] to tell you why.  The Petitioner tried to go about his business which led to a scuffle at the merchant employee['s] provocation.

This claim was raised by Petitioner in his Rule 3.850 motion.  In its initial order

addressing Petitioner's claims, the trial court stated:

> Claim one [failing to object to an incomplete jury instruction where the element of resisting a merchant – that Defendant knew or had reason to know that the person seeking to recover the property was a merchant's employee – was not included in the jury instruction] and four [failing to object to complete jury instructions when the complete resisting a merchant statute (812.915(6)) should have been read to the jury] are similar and will be addressed together. To the extent that Defendant argues that counsel was ineffective for failing to object to the element of resisting a merchant -- Defendant knew or should have known that the person seeking to recover the property was a merchant's employee -- being omitted from the jury instruction on the charge, the State shall show cause. It appears, based on the witness testimony of the store clerk, that defendant knew or should have known that he had attracted the attention of store employees. [Fn 1] However, in finding Defendant not guilty of petit theft, it is unclear whether the jury chose to disbelieve the witness's testimony and believe that Defendant abandoned the theft, as argued by his defense attorney. As to the other elements stated in the statute, the jury was so advised. Therefore, the State shall show cause as to why the requested relief should not be granted as to this claim.

> [Fn 1]   The store clerk testified that Defendant looked at her while he took the liquor bottle off the shelf and placed it in the front of his pants; later, she testified that he returned the bottle to the shelf *after* she placed a code 5 to alert the store's assistant manager that shoplifting was taken place.

Dkt. 1, Ex. 031, Order Denying Motion for Post-Conviction Relief at 2 (Mar. 20, 2000) (emphasis added).   Incorporating by reference its March 20, 2000 order, the trial court denied Petitioner's Rule 3.850 motion, stating as follows:

> The remaining claim, Claim One, raises the issue of whether counsel was ineffective in failing to object to a jury instruction on resisting a merchant which did not include the element -- that Defendant knew of or had reason to know that the person seeking to recover the property was a merchant's employee.
>
> That portion of §812.015(6), Fla. Stat. (1997 & 1998 Supp.) stating ". . . *unless* [emphasis added] the individual did not know, or did not have reason to know the person seeking to recover the property was a . . . merchant, merchant's employee . . . ." was not an element of the offense; this section is an affirmative offense [sic] [defense]. The placement and use of the qualifier "unless" after the enacting clause in §812.015(6), Fla. Stat. (1997 & 1998 Supp.) offsets the knowledge component of the statute and creates an affirmative defense to resisting a merchant. *Hinks v. State*, 421 So.2d 510, 511 (Fla. 1982) (applying the *Baeumel* test to the burglary statute and holding that the use of the qualifier "Unless" designated consent as an affirmative defense to burglary); *see also Baeumel v. State*, 26 Fla. 71, 75, 7 So. 371, 372 (Fla. 1890).
>
> Further, even if counsel were ineffective, Defendant fails to show how he was prejudiced. The record indicates that Defendant should have known that the individual stopping him was store personnel. [Exhibit F: Excerpt of Trial Transcript  pp. 34-37; 45; 54-57].

Dkt. 4, Ex. 031, Order Denying Post-Conviction Motion, Jun. 5, 2002.

The crux of Petitioner's claim is that when he "scuffled" with Mr. Clark, he did so in self-defense, not knowing that Mr. Clark was a Walgreen employee.  Thus, Petitioner contends, he could not be guilty of "resisting a merchant."  The defense set out in the statute applies if "[1] the individual did not know, or [2] did not have reason to know the person seeking to recover the property was a . . . merchant, merchant's employee . . . ."

when he "resisted." The trial court found that Petitioner could not meet the prejudice prong of the *Strickland* test because "[t]he record indicates that Defendant should have known that the individual stopping him was store personnel."

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. Ineffective assistance of counsel claims present a mixed question of law and fact subject to plenary review based on the *Strickland* test. This requires an independent review of the trial court's legal conclusions, while giving deference to the trial court's factual findings.

The Court finds that the trial court's conclusion that Petitioner fails to meet the prejudice prong of the *Strickland* test is supported by the record. Accepting as it must for purposes of the § 2254 review, *see* 28 U.S.C. § 2254(e)(1), the trial court's factual finding that the record establishes that Petitioner should have known that Mr. Clark was acting consistent with Fla. Stat. 812.015(6) in attempting to recover property belonging to his employer, even if Petitioner were to establish that trial counsel's performance was deficient, the fact that the jury was not instructed on the affirmative defense is not sufficient to undermine confidence in the outcome of the case, and therefore, Petitioner could not establish that he was prejudiced under the *Strickland* standard.

As to Petitioner's argument that "[t]he trial court's error of omission and defense counsel's failure to object to the trial court's minimization of the reasonable doubt standard in its <u>extemporaneous</u> jury instructions <u>impermissibly</u> deprived Petitioner of [his] defense," *see* Dkt. 1 at 6A1, the Court finds that this assertion is refuted by the trial transcript.

The state court factual findings are supported by the evidence and must be given deference by this Court.  Petitioner has failed to demonstrate that the state court's rejection of this claim relied on erroneous facts, or applied law contrary to established United States Supreme Court precedent or in a manner which was objectively unreasonable in light of such precedent.

**Ground Four**

In Ground Four, Petitioner asserts that trial counsel was ineffective for allowing the trial court to inform the jury that it could "find the defendant guilty as charged in the information or guilty of such lesser included crime as the evidence may justify, or not guilty. . . . The Petitioner avers that the outcome of the verdict would have been different had the trial court not informed the jury that the underlying charge of resisting a merchant was a lesser-included offense to the predicate statement of charge petit theft" (Dkt. 1 at 9A1). Petitioner raised this claim in his Rule 3.850 motion.  In its order denying said motion, the trial court found as follows:

> Claim three is also without merit. The jury was not instructed nor is it true that resisting a merchant is a lesser included offense of petit theft. *[Exhibit D: Excerpt of Trial Transcript, pp. 145-155*]; *See Schedule of Lesser Included Offenses.* It appears that Defendant is actually arguing that a jury must find Defendant guilty of petit theft in order to find Defendant guilty of resisting a merchant, which his attorney unsuccessfully argued after the verdict was read. *See Sanders v. State*, 654 So.2d 1279 (Fla. 2d DCA 1995) (holding that resisting a merchant is a separate crime since the legislature amended the statute in 1992 to eliminate the requirement that a defendant must be convicted of underlying theft before he can be convicted of resisting a merchant. This claim is denied.

Dkt. 4, Ex. 031, Order Denying Motion for Post-Conviction Relief at 2 (Mar. 20, 2000) (footnote omitted).

The record clearly supports the trial court's finding that the jury was not instructed that resisting a merchant is a lesser included offense of petit theft.  Moreover, had there been an error in instructing the jury on the petit theft charge, Petitioner would still not be able to establish that he is entitled to habeas corpus relief under *Strickland*'s two-prong test. Since he was not convicted of petit theft, Petitioner could not, under these circumstances, meet the prejudice prong of the *Strickland* test. In *Strickland*, the Supreme Court held that "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.  Moreover, trial counsel is not ineffective for failing to raise an objection which lacks merit.

Petitioner has clearly failed to demonstrate that the trial court's rejection of this claim relied on erroneous facts, or applied law contrary to established United States Supreme Court precedent or in a manner which was objectively unreasonable in light of such precedent. Therefore, no habeas relief is warranted on Ground Four.

The treatment of Petitioner's ineffective assistance of claims in state court was fully consistent with the holding of *Strickland*, and no basis for the granting of habeas relief has been offered in this claim.

**Ground Three**

Petitioner asserts that he is entitled to habeas relief because the trial court failed to address claim four of his Rule 3.850 motion. This is not a cognizable § 2254 claim.  *See Quince v. Crosby*, 360 F.3d 1259 (11th Cir. 2004).  Petitioner's reliance solely on allegations that the post-conviction court erred in reviewing his request for relief will not, however, support a request for federal habeas relief.  It is well-established that a writ of

habeas corpus only extends to custody and detention.  *See Spradley v. Dugger,* 825 F.2d 1566, 1568 (11th Cir. 1987).  Federal habeas relief does not extend to collateral or ancillary forms of administrative relief.  In addressing this issue, the Eleventh Circuit stated:

> Petitioner filed a habeas petition in federal district court asserting three claims: (1) that the state trial court which heard and denied his 3.850 motion violated his due process rights because it failed to conduct an evidentiary hearing and did not attach to its opinion denying relief those portions of the record on which it relied; . . . Turning to claim (1), . . . we conclude that the claim should have been dismissed as insufficient pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Neither the state court's failure to hold a hearing on petitioner's 3.850 motion nor its failure to attach the relevant portions of the record in any way undermines the validity of petitioner's conviction. Because claim (1) goes to issues unrelated to the cause of petitioner's detention, it does not state a basis for habeas relief.

*Id.* at 1568 (citations omitted).  *See also Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999) (finding that "errors in state post-conviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief"); *Williams-Bey v. Trickey,* 894 F.2d 314, 317 (8th Cir. 1990) ("Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding"), *cert. denied,* 495 U.S. 936 (1990); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir. 1989), *cert. denied sub nom., Franzen v. Deeds,* 493 U.S. 1012 (1989); *Hopkinson v. Shillinger,* 866 F.2d 1185, 1219-20 (10th Cir. 1989), *cert. denied,* 497 U.S. 1010 (1990); *Bryant v. Maryland,* 848 F.2d 492, 493 (4th Cir. 1988) ("claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"); *Kirby v. Dutton,* 794 F.2d 245, 247-48 (6th Cir. 1986).

Errors or defects in state post-conviction proceedings do not render a prisoner's detention unlawful or raise constitutional questions cognizable in federal habeas corpus proceedings.  "Even where there may be some error in state post-conviction proceedings,

this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself." *Williams v. Missouri*, 640 F.2d 140, 143-44 (8th Cir. 1991). *See also Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied,* 534 U.S. 1001 (2001) (citing *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995)). Because Petitioner's claim goes to issues unrelated to the cause of his detention, it does not state a basis for federal habeas relief. *See Tijerina v. Estelle,* 692 F.2d 3, 5-6 n.1 (5th Cir. 1982); *Pierre v. United States,* 525 F.2d 933, 935-36 (5th Cir. 1976).[1]

Had Petitioner raised the underlying claim that "the Court erred by not instructing the jury that in order to convict the Petitioner of resisting a merchant, they must find that the resisting 'occurred' during committing a theft or after committing theft," thus depriving Petitioner of "a fair and impartial trial," *see* Dkt. 1 at 8A2, he would not have been entitled to § 2254 relief. The record clearly refutes Petitioner's claim that the trial court failed to properly instruct the jury on the resisting a merchant charge. The trial court instructed the jury, orally and in writing, as follows:

> Before you find the Defendant guilty of resisting a merchant or merchant's employee, the State must prove the following element beyond a reasonable doubt:
>
> 1) Defendant, Samuel Boney, *while committing or after committing theft of the property*, resisted the reasonable effort of a merchant or merchant's employee, to wit: Roman Clark, to recover the property which the merchant or merchant's employee had probable cause to believe that the Defendant had concealed or removed from its place of display or elsewhere.

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Dkt. 4, Ex. 001 at 020 (emphasis added); 147-48.  As the state appellate court implicitly found in its decision affirming Petitioner's conviction and sentence, a conviction of theft is not a prerequisite for a finding of guilt on a charge of resisting a merchant.  *See* discussion *supra*, Ground One.

The arguments Petitioner raises in his reply are not persuasive.  Petitioner has not rebutted the state courts' factual findings by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Nor has he shown that the state courts' decisions resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief. Given the above findings, the Court finds that further discussion of Petitioner's motion for summary judgment is not necessary.

ACCORDINGLY, the Court **ORDERS** that:

1.      Petitioner's Motion for Summary Judgment is **DENIED** (Dkt. 23).

2.      The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

3.      The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 25, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record
SA:jsh