**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SAMUEL BONEY,

    Petitioner,

-vs-                                                                         Case No.  8:03-CV-1589-T-30TGW

JAMES V. CROSBY, et al.,

    Respondents.
_____/

**ORDER**

This cause is before the Court on Petitioner's Petition for Writ of Mandamus (Dkt. 24) and Motion to Reopen Case for Rehearing and/or Reconsideration (Dkt. 28). In his Petition for Writ of Mandamus, Petitioner requested that the Eleventh Circuit Court of Appeals direct this Court to rule on his application for federal habeas relief (Dkt. 24 at 2). On July 22, 2005, the Eleventh Circuit Court of Appeals denied Petitioner's Petition for Writ of Mandamus. *See* Dkt. 27. This Court entered its decision denying Petitioner's habeas petition on July 25, 2005, (Dkt. 25). The Petition for Writ of Mandamus Petitioner filed in this Court is, therefore, moot.

In his Motion to Reopen Case for Rehearing and/or Reconsideration, Petitioner asserts that the Court "misapprehended facts and laws" in reaching its decision denying his habeas petition (Dkt. 28 at 1). Petitioner fails to cite any legal authority for his motion. The Federal Rules of Civil Procedure provide two vehicles by which Petitioner may be seeking relief, Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). In a recent decision addressing the substantive conflict between the Federal Rules of Civil Procedure and the statutes

governing federal habeas relief, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Supreme Court held that:

> [A] "claim" as used in § 2244(b)[1] is an asserted federal basis for relief from a state court's judgment of conviction.
>
> In some instances, a Rule 60(b) motion will contain one or more "claims." . . . Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell, supra,* at 71-72; *Dunlap, supra,* at 876.
>
> We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. . . .
>
> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, as in *Harris, supra,* will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, [Fn 4] since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.
>
> Fn 4  The term "on the merits" has multiple usages. See, *e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 501-503, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim.

*Gonzalez v. Crosby*, __ U.S. __, 125 S.Ct. 2641, 2647-48 (2005) (emphasis in original).

Since Petitioner's motion to reconsider is the functional equivalent of a second or successive petition under the test set forth in *Gonzalez, supra*, the applicable terms of the AEDPA apply regardless of how the motion is styled. *See also Aird v. United States*, 339

---

[1] Title 28 U.S.C. § 2244(b)(3) provides, in pertinent part, that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

F.Supp.2d 1305, 1309 (S.D. Ala. 2004) (finding that the rationale for deciding whether a motion for reconsideration should be treated as a second or successive habeas petition should extend to encompass Rule 59(e) motions, as well Rule 60(b) motions).

The Court finds that because Petitioner's motion attacks the substance of the Court's resolution of his habeas claims on the merits, it lacks jurisdiction to entertain the motion without authorization from the United States Court of Appeals for the Eleventh Circuit. *See* 28 U.S.C. 2244(b)(3); *Gonzalez v. Crosby*, __ U.S. __, 125 S.Ct. at 2649 ("a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition.").

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Mandamus (Dkt. 24) is **DENIED** as moot.

2. The Motion to Reopen Case for Rehearing and/or Reconsideration (Dkt. 28) is **DISMISSED** for lack of jurisdiction.

**DONE** and **ORDERED** in Tampa, Florida on August 30, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh